Prepared by
GREGORY G. KATSAS
Assistant Attorney General
Civil Division
C. FREDERICK BECKNER III
Deputy Assistant Attorney General
Civil Division
TIMOTHY P. GARREN
Director, Torts Branch
Civil Division
ANDREA W. McCARTHY
Senior Trial Counsel
Civil Division, Torts Branch
GLENN S. GREENE
Trial Attorney, Torts Branch
ANDREW D. SILVERMAN
Cal. Bar No. 246539
Trial Attorney, Torts Branch
Civil Division
United States Department of Justice
    P.O. Box 7146
    Ben Franklin Station
    Washington, D.C. 20044
    Telephone: (202) 616-4326
    Andrew.Silverman@usdoj.gov

Attorneys for the Federal Defendants

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Mohammad Mirmehdi, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> John Ashcroft, *et al.*, <br><br> Defendants. | **No. 2:06-cv-05055-R (PJWx)** <br><br> **[~~PROPOSED~~] PROTECTIVE ORDER** |

PURSUANT TO THE PARTIES' STIPULATION FOR PROTECTIVE ORDER, IT IS HEREBY ORDERED THAT:

(1) Pursuant to 5 U.S.C. § 552a(b)(11), the United States is authorized to disclose to the parties, their respective counsels, and the Court documents and records otherwise covered by the Privacy Act.  Such disclosure shall be subject to the procedures and conditions set forth in this Protective Order.

(2) Counsel for the Federal Defendants shall mark as "Confidential" any records or information that contain highly sensitive information regarding individuals not parties to this action.  The parties agree that any records or information marked as "Confidential" will be filed only under seal.

(3) Nothing in this Protective Order shall waive or prejudice the rights of any party to make objections or to assert any privilege, with the respect to the discovery or disclosure of any document, material, or information, pursuant to the Federal Rules of Civil Procedure or any other governing authority nor is it intended to alter any burden of proof regarding any assertion of privilege in this matter.

(4) The parties may use records produced by the Federal Defendants in all further proceedings in this case in this district court.  However, any records or information designated as "Confidential" shall be filed only under seal.

(5) Except as otherwise ordered by this Court, any information subject to this Protective Order may be disclosed only to the following persons: (a) parties and attorneys of record for the parties in this action; (b) persons regularly in the employ of such attorneys to the extent reasonably necessary to render professional services in this action; (c) law student interns working under the supervision of any attorney of record; (d) any experts engaged by the parties provided that such disclosure is reasonably and in good faith calculated to aid in litigating this action; and (e) any deponent in this action during his or her deposition. Any person not in category (a) or (b) whom information subject to this

1 Protective Order is disclosed to, must execute an acknowledgment, such as the
2 acknowledgment attached to the parties' stipulation, and a copy of the executed
3 acknowledgment must be served to all counsel.

4     (6) The parties shall have the right to use records produced by the
5 Federal Defendants in this case in any court proceeding, deposition or other
6 discovery proceeding, or motion to the extent allowed by the Federal Rules of Civil
7 Procedure, the Federal Rules of Evidence, and any other provision of law.

8     (7) The parties shall have the right to use the records produced by
9 the Federal Defendants in any appellate proceedings; however, any exhibits,
10 records or information marked as "Confidential" shall only be filed under seal.

11     (8) If any party wishes to challenge the designation of a document
12 as "Confidential," the parties should meet and confer to resolve the dispute. If the
13 parties are unable to resolve the dispute, the party wishing to challenge the desig-
14 nation of a document as "Confidential" may file an appropriate motion with the
15 Court.

16     (9) Upon completion of this action, the parties and their counsel
17 shall certify to the Court that they have irretrievably destroyed all documents that
18 have been marked as Confidential.  They shall further certify that they have
19 destroyed all copies and/or duplicates, as defined by Rule 1001(4) of the Federal
20 Rules of Evidence, that they have made of such documents.

21                                Marianna R. Pfaelzer /S/
22 Date: __July 17, 2008_     _____
23                      For   Hon. Manuel L. Real
                          United States District Court Judge
24
25
26
27
28

## **CERTIFICATE OF SERVICE**

I certify that I electronically filed the foregoing "[PROPOSED] PROTECTIVE ORDER" with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

Michael Seplow
Schonbrun Desimone Seplow
Harris & Hoffman LLP
723 Ocean Front Walk
Venice, CA 90291

Steven J Rothans
Carpenter Rothans and Dumont
888 South Figueroa Street Suite 1960
Los Angeles, CA 90017

Arthur Chapman
Chapman, Glucksman & Dean
11900 West Olympic Blvd.
Suite 800
Los Angeles CA 90064

This 16th day of JULY, 2008,

_____
ANDREW D. SILVERMAN
Trial Attorney,
Constitutional Torts Staff
U.S. Department of Justice
California Bar No. 246539